Zimmerman, J.
It appears that in July 1953 Margaret Carmichael was operated on for cancer by a Doctor Beed at the Mansfield General Hospital in Bichland County, which operation was followed by X-ray treatments by a Doctor Garber in that hospital over a period of time. Because of certain physical manifestations Mrs. Carmichael made an appointment with Doctor Garber for September 21, 1954. Upon examination at the Mansfield General Hospital Doctor Garber found no recurrence of the cancerous condition but suggested, in co-operation with Doctor Beed, that Mrs. Carmichael remain in the hospital for a checkup. Mrs. Carmichael returned to her home in Knox County that evening in her husband’s automobile and the next day was driven in the same conveyance back to the hospital where she remained. On September 23, 1954, a diagnosis of diabetes was made, but no insulin was administered until five days later. On the same date, the hospital sent an application for poor relief to the Bichland County Belief Authority, purportedly signed by Mrs. Carmichael. This was returned to the hospital with the notation, “Knox County responsibility.”
*488 At common law no obligation rests on any public authority to furnish poor relief (State, ex rel. Ranz, v. City of Youngstown, 140 Ohio St., 477, 45 N. E. [2d], 767), and, where statutes have been enacted on the subject of poor relief, the provisions thereof govern (41 American Jurisprudence, 707, Section 35).
Section 5113.01, Revised Code, defines poor relief, and Section 5113.02, Revised Code, read in connection with Section 5113.05, Revised Code, indicates that ordinarily local relief areas are responsible for furnishing poor relief to those residing within their boundaries who qualify for such assistance.
Both parties agree that Section 5113.04, Revised Code, governs the instant controversy and both rely on its provisions to support their respective claims. The relevant part of that statute reads as follows:
“No poor relief shall be given without a sworn application and proper investigation to determine need. The local relief director may approve payment for the temporary care of transients or for emergency medical or hospital care when such care has been given without a sworn application. The person or agency rendering such service shall notify the relief authority within 72 hours after such temporary care is given.”
It would seem apparent that under this section “the temporary care of transients” and “emergency medical or hospital care” constitute the only exceptions to the requirement of a prior sworn application and proper investigation as conditions precedent to the allowance of poor relief.
In the present case no sworn application for poor relief and no investigation were made prior to Mrs. Carmichael’s hospitalization on September 22, 1954. Since she had a legal residence in Knox County and came into Richland County for the sole purpose of entering the Mansfield General Hospital for treatment by physicians of her choice and afterwards returned to her Knox County home, she was obviously not a “transient” in Richland County within the meaning of that term as used in Section 5113.04, Revised Code. Plaintiff’s claim against defendant must rest on the basis that Mrs. Carmichael received “emergency medical or hospital care” within the intendment of Section 5113.04, Revised Code, before recovery may be had. *489 Although at the trial Doctors Garber and Reed testified that in their opinion Mrs. Carmichael’s condition represented a medical emergency (disputed by Doctor Morkel, defendant’s witness), that is by no means conclusive. The controlling consideration is, what was intended by the General Assembly when it used the term, “emergency,” in Section 5113.04, Revised Code?
As commonly understood, an emergency is a sudden or unexpected occurrence which demands immediate action.
In our opinion, the General Assembly had in mind by the use of the words, “emergency medical or hospital care,” such situations as where a person suffers an incapacitating heart attack or collapses in a diabetic coma or is struck and injured by a motor vehicle. Section 5113.04 does not comprehend a situation, like the one presented here, where an alleged indigent, upon being informed in one county of the advisability of hospitalization, returns to his home in another county and the next day returns to the first county and enters a hospital there, with medication for his ailment deferred for several days.
Consequently, the judgment of the Court of Appeals is reversed, and final judgment is rendered for the defendant, the Board'of County Commissioners of Richland County.

Judgment reversed.

Taft, Matthias, Bell and Herbert, JJ., concur.